IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAWN SPICER AND BRYAN LIPPINCOTT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | CIVIL ACTION NO.: _____
| APEX SOFTWARE TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiffs SHAWN SPICER and BRYAN LIPPINCOTT ("Plaintiffs"), hereby file this Complaint against Defendant APEX SOFTWARE TECHNOLOGIES, INC. ("Defendant") and for this cause of action state the following:

*Nature of the Claim*

1. Plaintiffs bring this action to redress Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which have deprived Plaintiffs of their lawful wages.

2.	This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3.	This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.	Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5.	Plaintiff Spicer is a resident of Georgia and was employed by Defendant from 2012 to February 2014 at Defendant's office in Roswell, Georgia.

6.	Plaintiff Lippincott is a resident of Georgia and was employed by Defendant from 2012 to July 2013 at Defendant's office in Roswell, Georgia.

7. Defendant bills itself as a leader in the payroll services and technology market and it offers a suite of payroll and employer service tools.

8. Defendant is organized under the laws of the State of Georgia and is authorized to do business in Georgia.

9. At all times relevant to this action, Defendant operated its business within this judicial district and throughout the state of Georgia.

10. Defendant can be served via its registered agent, Sean Hynes, located at 288 Washington Avenue, Marietta, Georgia 30060.

## *Factual Allegations*

11. At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

12. At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

13. Each Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

14. Defendant employed Plaintiff Spicer as an Inside Sales/Business Development Representative at its office in Roswell, Georgia.  During its

employment of Plaintiff Spicer, Defendant regularly required or permitted Plaintiff Spicer to work in excess of 40 hours per week.

15. Defendant employed Plaintiff Lippincott as an Inside Sales/Business Development Representative at its office in Roswell, Georgia. During its employment of Plaintiff Lippincott, Defendant regularly required or permitted Plaintiff Lippincott to work in excess of 40 hours per week.

16. At all times relevant to this action, Defendant classified Plaintiffs as exempt for FLSA purposes and paid each a specified weekly salary and commissions.

17. Each Plaintiff was a non-exempt employee of Defendant's within the meaning of the FLSA and was subject to the overtime provisions of the FLSA.

18. While working for Defendant as Inside Sales/Business Development Representatives, Plaintiffs were customarily and regularly engaged inside Defendant's office and performed work that was not directly related to the management or general business operations of Defendant or Defendant's customers. In particular, Plaintiffs' primary duty was to obtain orders and contracts for Defendant's services and their work involved little to no discretion, independent judgment, or managerial decision-making authority.

19. Plaintiffs were closely supervised by their supervisors and were required to follow specific guidelines, instructions, and policies in the performance of their duties. Indeed, many tasks were largely dictated by instruction and policy lists provided to Plaintiffs by their supervisors.

20. Throughout their employment, Plaintiffs regularly worked hours in excess of 40 hours per workweek for which Defendant failed to compensate them at a rate of pay equal to one and one half times their regular rate. Plaintiffs' supervisors were aware of the hours Plaintiffs worked for which they were not properly compensated.

21. Plaintiffs were deprived of compensation to which they are entitled through Defendant's custom, policy, and/or practice of misclassifying Plaintiffs as exempt from the overtime provisions of the FLSA.

22. As a result of this custom, policy, and/or practice, Defendant failed to credit and pay Plaintiffs properly for all overtime hours they worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

23. Defendant has willfully and intentionally failed and/or refused to compensate Plaintiffs in accordance with the FLSA.

24. Plaintiffs have retained The Weiner Law Firm LLC to represent them in this action and accordingly have incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

25. Plaintiffs consent to participate in this action. Plaintiff Spicer and Lippincott's consents have been attached hereto as Exhibits 1 and 2, respectively, and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due to Shawn Spicer Under 29 U.S.C. § 207)

26. Plaintiffs re-allege paragraphs 1 through 25 above and incorporate them here by reference.

27. By engaging in the conduct described above, Defendant failed to pay Plaintiff Spicer at a rate of pay not less than one and one half times her regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

28. Specifically, Defendant failed to properly compensate Plaintiff Spicer for all overtime hours worked through its custom, policy, and/or practice of misclassifying her as exempt from the overtime provisions of the FLSA.

29. Defendant's actions in failing to compensate Plaintiff Spicer in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff Spicer.

30. As a result of Defendant's violation of the FLSA, Plaintiff Spicer is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Overtime Compensation Due to Bryan Lippincott Under 29 U.S.C. § 207)

31. Plaintiffs re-allege paragraphs 1 through 25 above and incorporate them here by reference.

32. By engaging in the conduct described above, Defendant failed to pay Plaintiff Lippincott at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

33. Specifically, Defendant failed to properly compensate Plaintiff Lippincott for all overtime hours worked through its custom, policy, and/or

7

practice of misclassifying him as exempt from the overtime provisions of the FLSA.

34. Defendant's actions in failing to compensate Plaintiff Lippincott in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff Lippincott.

35. As a result of Defendant's violation of the FLSA, Plaintiff Lippincott is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court award them:

   i. damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

   ii. an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

   iii. prejudgment interest;

   iv. costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

    v.     reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

    vi.    such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiffs hereby demand a jury trial on all claims for which they have a right to a jury.**

DATED: February 27, 2014

                      By: s/ Andrew L. Weiner
                            Andrew L. Weiner
                            Georgia Bar No. 808278
                            aw@ atlantaemployeelawyer.com
                            THE WEINER LAW FIRM LLC
                            3525 Piedmont Road
                            7 Piedmont Center
                            3rd Floor
                            Atlanta, GA  30305
                            Tel.: (404) 254-0842
                            Fax: (866) 800-1482

                            COUNSEL FOR PLAINTIFFS