# SETTLEMENT RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between APEX Software Technologies, Inc., (the "**Employer**") on behalf of itself, its subsidiaries and other corporate affiliates and each of their respective present and former employees, officers, directors, owners, shareholders and agents, individually and in their official capacities (collectively referred to herein as, the "**Employer Group**"), and Shawn Spicer (the "**Employee**") (the Employer and the Employee are collectively referred to herein as the "**Parties**").

WHEREAS, Employee has brought a lawsuit against Employer alleging that Employer violated the Fair Labor Standards Act in the United States District Court for the Northern District of Georgia, Civil Action File No. 1:14-CV-00585-RWS (the "Lawsuit");

WHEREAS, Employer has denied every allegation of wrongdoing contained in the Lawsuit;

WHEREAS, Employer has threatened to pursue litigation against Employee in connection with files that reside on Employee's flash drives;

WHEREAS, Employee denies every allegation of wrongdoing asserted against her by Employer;

WHEREAS, the Parties desire to resolve the Action without further litigation or adjudication;

NOW, THEREFORE, in consideration of the promises and obligations set forth herein, the parties agree as follows:

1. <u>No Admission of Liability</u>. Nothing herein shall be construed to be an admission by Employer or Employee of any wrongdoing or noncompliance with any federal, state, city or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law or of any other unlawful conduct, liability, wrongdoing or breach of any duty whatsoever. Employer and Employee specifically disclaim and deny any liability to one another.

2. <u>Payment</u>. In consideration for Employee's execution, non-revocation of, and compliance with this Agreement, including the waiver and release of claims in paragraph 3, Employer agrees to provide Employee with the total settlement sum of $2,500 for and

in full consideration and satisfaction of all claims that Employee has or may have against Employer, whether known or unknown, asserted or unasserted, based on any conduct occurring up to and including the date of the execution of this Agreement as follows:

(a) $575, less all relevant taxes and other withholdings representing alleged wages owed to Employee; Employer shall issue a W-2 form to Employee with respect to this payment;

(b) $575 representing alleged non-wage damages; Employer shall issue a Form 1099 to Employee with respect to this payment; and

(c) $1,350 in full satisfaction of all claims Employee may have for attorneys' fees and disbursements to be paid directly to Employee's attorney; Employer shall issue a Form 1099 to Employee or Employee's counsel with respect to this payment.

The payments listed above shall be issued within fourteen (14) calendar days after the Court issues its notice of approval of the settlement of this matter and they shall be sent to The Weiner Law Firm, 3525 Piedmont Road, 7 Piedmont Center, 3rd Floor, Atlanta, GA 30305.

Employee agrees and acknowledges that Employer and its counsel have not made any representations to her regarding the tax consequences of any payments or amounts received by him pursuant to this Agreement.

3. Release of Claims. In exchange for the promises made by Employer in this Agreement, Employee and her heirs, executors, administrators and assigns (collectively the "**Releasors**") forever waive, release and discharge the Employer and Employer Group from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Employee has ever had against the Employer by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date of her execution of this Agreement, including, but not limited to (a) any claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the Fair Labor Standards Act and/or any other Federal, state or local law (statutory, regulatory or otherwise) that may be legally waived and released and (b) any tort and/or contract claims, including any claims of wrongful discharge, defamation, emotional distress, tortious interference with contract, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm. However, this general release of claims excludes the filing of an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative

agency, and participation in an investigation or proceeding, although Employee waives any right to monetary relief related to such a charge. This general release of claims also excludes any claims made under state workers' compensation or unemployment laws, and/or any claims which cannot be waived by law.

In exchange for the promises made by Employee in this Agreement, Employer and Employer Group release and discharge Employee and her heirs, executors, administrators and assigns from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Employer has ever had against the Employee by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date of its execution of this Agreement, including but not limited to claims under the Georgia Computer Theft Statute (O.C.G.A. § 16-9-93) and claims for misappropriation and breach of fiduciary duty,

4.   <u>Withdrawal and Stipulation of Dismissal</u>. Upon payment of the amounts set forth in Paragraph 2, the parties shall file a joint Stipulation of Dismissal with Prejudice of the claims alleged by Employee in the Lawsuit.

5.   <u>Attorneys' Fees and Costs</u>. Except as specified herein, Employer and Employee shall bear their own respective costs and fees, including attorneys' fees incurred in the Action.

6.   <u>Company Data.</u> The parties acknowledge that Employee possesses two flash drives onto which she downloaded data from the Employer's computer system. Employee agrees that, within ten (10) calendar days of the effective date of this Agreement, she will have a representative from Office Depot (or similar business) remove any data from the flash drives that was not downloaded from Employer's computer system. Employee's attorney then agrees to destroy the original flash drives onto which Employee downloaded data from the Employer's computer system.

7.   <u>Knowing and Voluntary Acknowledgment</u>. Employee specifically agrees and acknowledges that: (a) Employee has read this Agreement in its entirety and understands all of its terms; (b) Employee has been advised of and has availed himself of her right to consult with his attorney prior to executing this Agreement; (c) Employee knowingly, freely and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release and covenants contained herein; Employee is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; and that (d) Employee is not waiving or releasing rights or claims that may arise after her execution of this Agreement.

8.   <u>Governing Law</u>. This Agreement, for all purposes, shall be construed in accordance with the laws of Georgia without regard to conflict-of-law principles.

9. **Entire Agreement.** This Agreement contains all of the understandings and representations between Employer and Employee relating to the subject matter herein and supersedes all prior and contemporaneous understandings, discussions, agreements, representations and warranties, both written and oral, with respect to such subject matter.

10. **Severability.** Should any provision of this Agreement be held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement shall be held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall continue to be binding upon the Parties with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

11. **Approval By Court.** The parties specifically acknowledge that the Fair Labor Standards Act requires this Agreement to be approved by the Court. As such, this Agreement does not become effective or enforceable unless and until it is approved by the Court. The parties agree to file a Joint Motion seeking such approval.

EMPLOYEE ACKNOWLEDGES AND AGREES THAT SHE HAS FULLY READ, UNDERSTANDS AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. EMPLOYEE ACKNOWLEDGES AND AGREES THAT SHE HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF HER CHOICE BEFORE SIGNING THIS AGREEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT HER SIGNATURE BELOW IS AN AGREEMENT TO RELEASE EMPLOYER FROM ANY AND ALL CLAIMS.

APEX Software Technologies, Inc.

By: _____

Name: Stephen W. Gregg

Title: CEO

Shawn Spicer Hobbs (SH)

Signature: _____

Print Name: <u>Shawn Spicer Hobbs</u>